# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **Purnell Elliott Williams,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Case No. 1:25-cv-02122-DAE-SH** |
| | § | |
| | § | |
| **RealPage, Inc.,** | § | |
| *Defendant* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE DAVID A. EZRA**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff's Complaint (Dkt. 1), Application to Proceed in *In Forma Pauperis* (Dkt. 2), and Application for Permission to File Electronically (Dkt. 3), all filed December 29, 2025, and Plaintiff's Motion for Leave to Maintain Action and for Ratification of Filing Pursuant to Pre-Filing Injunction Order, filed February 12, 2026 (Dkt. 5).[1]

## I.    Background

Plaintiff Purnell Williams has filed twelve lawsuits in this Court over the past decade.[2]

---

[1] The District Court referred this case to this Magistrate Judge for disposition of the Application and Report and Recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge David A. Ezra. Dkt. 4.

[2] *Williams v. Sparks*, No. 1:16-cv-01302-LY (W.D. Tex. Dec. 12, 2016); *Williams v. United States*, No. 1:17-cv-00913-RP (W.D. Tex. Sept. 21, 2017); *Williams v. Navy Fed. Credit Union.*, No. 1:22-cv-00629-LY (W.D. Tex. June 29, 2022); *Williams v. Short ("Short I")*, No. 1:23-CV-496-RP, 2023 WL 5517578 (W.D. Tex. Aug. 25, 2023); *Williams v. Short ("Short II")*, No. 1:23-CV-1069-RP, 2023 WL 8242476 (W.D. Tex. Nov. 28, 2023); *Williams v. Navy Fed. Credit Union.*, No. 1:23-cv-01132-RP-DH (W.D. Tex. Sept. 21, 2023); *Williams v. Garcia*, No. 1:24-CV-1071-DAE, 2025 WL 2021027 (W.D. Tex. July 9, 2025); *Williams v. LNVN LLC*, No. 1:25-cv-00106-ADA (W.D. Tex. Jan. 23, 2025); *Williams v. Greystar Real Est. Partners, LLC*, No. 1:25-cv-00159-ADA (W.D. Tex. Feb. 3, 2025); *Williams v. Sage*, No. 1:25-cv-02061-RP (W.D. Tex. Dec. 29, 2025); *Williams v. RealPage, Inc.*, No. 1:25-cv-02122-DAE-SH (W.D. Tex. Dec. 29, 2025); *Williams v. Hernandez*, No. 1:25-cv-02135-DAE-ML (W.D. Tex. Dec. 29, 2025).

Five of Williams' lawsuits have been dismissed as frivolous under 28 U.S.C. § 1915(e)(2).[3] Three more have been dismissed for failure to state a claim under Rule 12(b)(6).[4] Judges Pitman and Ezra warned Williams that filing frivolous claims and otherwise abusing his access to the judicial system would result in sanctions. *Garcia*, 2025 WL 2021027, at *6; *Short I*, 2023 WL 8242476, at *1. On January 23, 2026, Judge Albright permanently enjoined him "from filing any pleadings, motions, or other papers in this district—other than a Notice of Appeal—without prior written consent of a District or Magistrate Judge." *LNVN*, No. 1:25-cv-00106-ADA, Dkt. 64 at 4.

Proceeding *pro se*, Williams now brings this suit against Defendant RealPage, Inc., asserting claims under the Sherman Antitrust Act and Texas Deceptive Trade Practices Act and for "retaliation and discrimination" and "gross negligence and housing instability." *Id.* He seeks compensatory and punitive damages totaling $24 million. Dkt. 1 at 4. Williams requests leave to file his suit without paying the filing fee under 28 U.S.C. § 1915(a)(2).

## II.    Application to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915(a)(1), a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that he cannot pay such fees or security. Section 1915(a) "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). In making an *in forma pauperis* determination, a court should consider whether

---

Williams also has filed three suits in the Eastern District of Louisiana, all dismissed under § 1915(e)(2) or Rule 12(b)(6): *Williams v. Att'y Gen.*, No. CV 24-1554, 2025 WL 388476 (E.D. La. Feb. 4, 2025); *Williams v. Dep't of Soc. Servs.*, No. CV 23-2851, 2023 WL 7688754 (E.D. La. Nov. 15, 2023); *Williams v. La. Dep't of Soc. Servs.*, No. 2:22-cv-01129-WBV-DPC, Dkt. 20 (E.D. La. Apr. 25, 2022).

[3] *Sage*, No. 1:25-cv-02061-RP, Dkt. 5; *Short I*, 2023 WL 8242476; *Short II*, 2023 WL 5517578; *Navy Fed. Credit Union.*, No. 1:22-cv-00629-LY, Dkt. 7; *Williams v. United States*, No. 1:17-cv-00913-RP, Dkt. 9

[4] *LNVN*, No. 1:25-cv-00106-ADA, Dkt. 64; *Garcia*, 2025 WL 2021027; *Sparks*, No. 1:16-cv-01302-LY, Dkt. 12.

an applicant may pay the filing fee without suffering undue financial hardship. *Id.* "There is no requirement that an individual be absolutely destitute or spend the last dollar they have towards the payment of court costs to enjoy the benefit of in forma pauperis status." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024) (cleaned up).

After reviewing Williams' application, the Court finds that he cannot pay the filing fee without experiencing undue financial hardship. The Court **GRANTS** Williams *in forma pauperis* status and **ORDERS** his Amended Complaint to be filed without pre-payment of fees or costs. This *in forma pauperis* status is granted subject to later determination that the action should be dismissed if the allegation of poverty is untrue, or the action is found to be frivolous or malicious under § 1915(e)(2). The Court also may impose costs of court against Plaintiff at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

### III.    Application for Permission to File Electronically

Williams asks the Court to approve his request to become an electronic filing user. Because Williams states that he has regular access to all the technical requirements necessary to e-file successfully, the Court **GRANTS** his Application for Permission to File Electronically (Dkt. 3).

### IV.    Frivolousness Review Under Section 1915(e)(2)

Because Williams has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Amended Complaint under § 1915(e)(2). Section 1915(e)(2) requires that a court dismiss a case that is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous or malicious if it duplicates claims raised by the same plaintiff in previous or pending litigation. *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993). This is because "pauper status does not entitle a

plaintiff to avoid the ordinary rules of *res judicata*." *Pittman*, 980 F.2d at 994. "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple—but not more." *Id.* at 995.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hou., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Williams brings this antitrust suit against RealPage "for its role in coordinating and participating in a rental price-fixing conspiracy." Dkt. 1 at 1. He alleges that RealPage "artificially inflated the cost of rent at [his] former residence" by colluding "with property managers and owners—including Greystar Real Estate Partners." *Id.*

These claims are duplicative of co-pending litigation by Williams against Greystar Real Estate Partners, LLC, and Belkorp Oaks, owners of his former residence. *Williams v. Greystar Real Est. Partners, LLC*, No. 1:25-cv-00159-ADA. In *Greystar*, Williams alleges that Greystar and Belkorp Oaks violated "state and federal consumer protection laws" and used "RealPage's algorithmic pricing software, which has been accused of facilitating rent hikes that artificially inflate rental costs across the market." *Id.* Dkt. 1 ¶ 12. Because Williams' claims here are duplicative of claims raised in *Greystar*, this Magistrate Judge recommends that this suit be dismissed as frivolous. *See Pittman*, 980 F.2d at 994-95.

## V.   Order

The Court **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2) and Application for Permission to File Electronically (Dkt. 3).

Because Williams filed this lawsuit before entry of the pre-filing injunction in *LNVN*, No. 1:25-cv-00106-ADA, the Court **DISMISSES as moot** his Motion for Leave to Maintain Action and for Ratification of Filing Pursuant to Pre-Filing Injunction Order (Dkt. 5).

### VI.    Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Williams' claims **without prejudice** to prosecution of the co-pending duplicative suit.

The Court **ORDERS** the Clerk to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable David A. Ezra.

### VII.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on February 17, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

5