IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PURNELL ELLIOTT WILLIAMS, | § | No. 1:25-CV-2122-DAE-SH |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | |
| | § | |
| REALPAGE, INC., | § | |
| | § | |
| *Defendant*. | § | |

_____

ORDER (1) ADOPTING REPORT AND RECOMMENDATION AND (2)
DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE

Before the Court is a Report and Recommendation ("Report") filed by Magistrate Judge Susan Hightower on February 17, 2026.  (Dkt. # 6.)  On February 24, 2026, Plaintiff Purnell Elliott Williams ("Plaintiff" or "Williams") filed his Objections.  (Dkt. # 7.)  The Court finds these matters suitable for disposition without a hearing.  After reviewing the Report and Objections, the Court **ADOPTS** Judge Hightower's recommendations and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against Defendant RealPage, Inc. ("Defendant" or "RealPage").

1

BACKGROUND

The Court recites the facts as stated by Judge Hightower.  Plaintiff has filed twelve lawsuits in the Court over the past decade.[1]  Five of Plaintiff's lawsuits have been dismissed as frivolous under 28 U.S.C. § 1915(e)(2).[2]  Three more have been dismissed for failure to state a claim under Rule 12(b)(6).[3]  Judge Pitman and the undersigned warned Plaintiff that filing frivolous claims and

---

[1] Williams v. Sparks, No. 1:16-cv-01302-LY (W.D. Tex. Dec. 12, 2016); Williams v. United States, No. 1:17-cv-00913-RP (W.D. Tex. Sept. 21, 2017); Williams v. Navy Fed. Credit Union., No. 1:22-cv-00629-LY (W.D. Tex. June 29, 2022); Williams v. Short ("Short I"), No. 1:23-CV-496-RP, 2023 WL 5517578 (W.D. Tex. Aug. 25, 2023); Williams v. Short ("Short II"), No. 1:23-CV-1069-RP, 2023 WL 8242476 (W.D. Tex. Nov. 28, 2023); Williams v. Navy Fed. Credit Union., No. 1:23-cv-01132-RP-DH (W.D. Tex. Sept. 21, 2023); Williams v. Garcia, No. 1:24-CV-1071-DAE, 2025 WL 2021027 (W.D. Tex. July 9, 2025); Williams v. LNVN LLC, No. 1:25-cv-00106-ADA (W.D. Tex. Jan. 23, 2025); Williams v. Greystar Real Est. Partners, LLC, No. 1:25-cv-00159-ADA (W.D. Tex. Feb. 3, 2025); Williams v. Sage, No. 1:25-cv-02061-RP (W.D. Tex. Dec. 29, 2025); Williams v. RealPage, Inc., No. 1:25-cv-02122-DAE-SH (W.D. Tex. Dec. 29, 2025); Williams v. Hernandez, No. 1:25-cv-02135-DAE-ML (W.D. Tex. Dec. 29, 2025).  Williams also has filed three suits in the Eastern District of Louisiana, all dismissed under § 1915(e)(2) or Rule 12(b)(6): Williams v. Att'y Gen., No. CV 24-1554, 2025 WL 388476 (E.D. La. Feb. 4, 2025); Williams v. Dep't of Soc. Servs., No. CV 23-2851, 2023 WL 7688754 (E.D. La. Nov. 15, 2023); Williams v. La. Dep't of Soc. Servs., No. 2:22-cv-01129-WBV-DPC, Dkt. # 20 (E.D. La. Apr. 25, 2022).

[2] Sage, No. 1:25-cv-02061-RP, Dkt. # 5; Short I, 2023 WL 8242476; Short II, 2023 WL 5517578; Navy Fed. Credit Union., No. 1:22-cv-00629-LY, Dkt. # 7; Williams v. United States, No. 1:17-cv-00913-RP, Dkt. # 9.

[3] LNVN, No. 1:25-cv-00106-ADA, Dkt. # 64; Garcia, 2025 WL 2021027; Sparks, No. 1:16-cv-01302-LY, Dkt. # 12.

otherwise abusing his access to the judicial system would result in sanctions. Garcia, 2025 WL 2021027, at *6; Short I, 2023 WL 8242476, at *1.  On January 23, 2026, Judge Albright permanently enjoined him "from filing any pleadings, motions, or other papers in this district—other than a Notice of Appeal—without prior written consent of a District or Magistrate Judge."  LNVN, No. 1:25-cv-00106-ADA, Dkt. # 64 at 4.  Proceeding pro se, Plaintiff now brings this suit against Defendant RealPage, Inc., asserting claims under the Sherman Antitrust Act and Texas Deceptive Trade Practices Act and for "retaliation and discrimination" and "gross negligence and housing instability."  (Dkt. # 1 at 3–4.) He seeks compensatory and punitive damages totaling $24 million.  (Id. at 4.)

On February 17, 2026, Judge Hightower issued her Report, recommending dismissal without prejudice of Plaintiff's claims in light of Plaintiff's co-pending litigation against Greystar Real Estate Partners, LLC, and Belkorp Oaks, owners of his former residence against whom he has alleged duplicative claims.  (Dkt. # 6 at 4 (citing Williams v. Greystar Real Est. Partners, LLC, No. 1:25-cv-00159-ADA).)  On February 24, 2026, Plaintiff filed his Objections.  (Dkt. # 7.)

## ANALYSIS

Plaintiff's Objections do not state any real objection to the Report. Rather, Plaintiff informs the Court of his intent to add RealPage, Inc. as a

3

defendant in his co-pending litigation, Greystar, No. 1:25-cv-00159-ADA, and asks that the Court enter any dismissal of the above-captioned case without prejudice and allow Plaintiff to pursue all claims against RealPage in the co-pending litigation.  (Dkt. # 7 at 1–2.)  Since Plaintiff filed his Objections, it appears that he has in fact amended his complaint to add RealPage as a defendant in the co-pending litigation.  See Greystar, No. 1:25-cv-00159-ADA, Dkt. # 29.

Where, as here, neither party objects to the Magistrate Judge's findings, the Court reviews the Report and Recommendation for clear error. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

After careful consideration, the Court adopts the Magistrate Judge's Report and Recommendation.  The Court agrees that Plaintiff's claims against Defendant RealPage are duplicative of those pending in the co-pending litigation, and in light of Plaintiff's Amended Complaint adding RealPage as a co-defendant, there remains no substantive objections.

CONCLUSION

For the reasons given, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 6) as the opinion of the Court, and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims subject to prosecution of the co-pending duplicative suit.  The Clerk's Office is **INSTRUCTED** to **ENTER JUDGMENT** and **CLOSE THE CASE**.

4

**IT IS SO ORDERED**.

**DATED:** Austin, Texas, March 26, 2026.

_____
David Alan Ezra
Senior United States District Judge